UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Plaintiff,

    v.

M<small>ARY</small> T<small>ARAZI</small>,

    Defendant.

Case No. 18-cr-20781

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE [#20]**

**I. I<small>NTRODUCTION</small>**

Presently before the Court is Defendant Mary Tarazi's Motion for Termination of Supervised Release, filed on April 28, 2020.  ECF No. 20.  On May 13, 2020, the Government filed its response to Defendant's Motion.  ECF No. 21.  On May 18, 2020, the Probation Department also submitted a letter to the Court concerning Tarazi's behavior on supervised release thus far.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Therefore, the Court will resolve the instant motion on the briefs.  *See* E.D. Mich. L.R. § 7.1(f)(2).  For the reasons stated below, the Court will DENY the Defendant's Motion [#20].

1

## II. BACKGROUND

On March 21, 2019, Defendant Mary Tarazi entered a guilty plea to willfully making a threat in violation of 18 U.S.C. § 844(e). ECF No. 9, PageID.31-32. According to the Rule 11 Plea Agreement, on or about November 13, 2018, Tarazi willfully made a threat to injure or intimidate employees of the Spaulding for Children Organization located in Southfield, Michigan, by means of an explosive device. ECF No. 9, PageID.32. On June 10, 2019, Defendant was sentenced to 3 years of supervised release. ECF No. 16. Defendant is now seeking early termination from her supervised release. ECF No. 20.

## III. DISCUSSION

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e).

As an initial matter, the Government argues that Defendant's Motion is premature by stating that "[s]ince Tarazi, by her own admission, has been on supervised release for 'over 10 months,' but not more than one year, she is not eligible for termination of supervised release." ECF No. 21, PageID.116. When the Defendant's Motion was filed, the minimum one-year period set forth in 18 U.S.C. § 3583(e) had not passed. However, the one-year period has now expired since the

filing of Tarazi's Motion and the Court's determination on the matter. Accordingly, this issue is now moot.

As to the substance of the Defendant's release, in considering whether to terminate a defendant's term of supervised release, the Court looks to several factors borrowed from the sentencing factors set forth in 18 U.S.C. § 3553. Specifically, the Court may consider (1) the nature and circumstances of the offense and the history and characteristics of defendant, (2) the need to protect the public from further crimes of the defendant, (3) the need to afford adequate deterrence to criminal conduct, and finally, (4) to provide the defendant with needed . . . medical care . . . in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

Regarding the first factor, the Defendant submits that "early termination . . . is warranted based on changed circumstances exhibited by Mary Tarazi's exceptionally good behavior . . . while on supervised release." ECF No. 20, PageID.104. However, Probation's letter to the Court indicates that there are concerns about the history and characteristics of the Defendant. Probation stated that the Defendant "suffers from mental illness and in addition to generally exhibiting non-compliant behavior, she has refused to take anti-psychotic medication as prescribed by a mental health professional." Additionally, Probation stated that the Defendant "routinely ignores attempts to communicate with her [probation officer], often requiring multiple home visits," and that Tarazi threatened

her probation officer in a text which purportedly stated, "[i]f you text this number again I will put you in jail. If you come by me physically fear for your life." These facts do not indicate early termination of supervised release is appropriate here.

Additionally, the second and third factors are not satisfied as there is still a concern for the need "to protect the public from further crimes of the defendant," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B)-(C). Here, Tarazi has continued to make threats towards her probation officer, which demonstrates a pattern of behavior in line with the original offense. This does not reassure the Court that Defendant's early termination of supervised release would protect the public from similar behavior or deter Defendant from criminal conduct at this time.

The final factor, which considers the need "to provide the defendant with . . . medical care . . . in the most effective manner" also supports denial of Defendant's termination request. 18 U.S.C. § 3553(a)(2)(D). Probation stated that on April 30, 2020, the Defendant agreed to attend mental health treatment and take her prescribed medication. Probation suggested that this "may be a step in the right direction" for the regulation of Tarazi's medical treatment. Accordingly, Defendant should continue with the medical care provided under supervised release.

After considering the relevant factors set forth in the statute, the Court concludes that termination of supervised release is unwarranted at this time. The

Defendant's conduct while on supervised release, including a threat to her parole officer and generally non-compliant behavior, does not satisfy any of the relevant factors under 18 U.S.C § 3583(e) at this time.

## IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Defendant's Motion for Early Termination of Supervised Release [#20].

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 1, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager